**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| KAREN PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-0712-CV-W-DW |
| | ) | |
| TTP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Now before the Court is Plaintiff Karen Pierce's motion to remand (Doc. 6). The Court grants the motion and remands the case to state court.

Pierce sued Defendant TTP, Inc. in state court, acting as representative for the class of "all Missouri consumers [of florist products] who have been damaged by Defendant's deception, misrepresentations, concealment, or fraud arising from its fictitious telephone directory or internet listings." The class-action petition alleges that TTP places listings that are designed to create the false impression that a listing is for a particular "bona fide Missouri business." Allegedly, "a local customer dialing Defendant's fictitious florist directory listing seeking a local florist is unwittingly transferred to Defendant's New Jersey call-center operation, which then fills the order utilizing other available retail florists." According to Pierce, a customer whose order is handled by TTP pays about 25 percent more than if her telephone call had been answered by a Missouri-based retail florist. Pierce requests compensatory and punitive damages, and statutory attorney fees, for fraud under the Missouri Merchandising Practices Act. She also seeks to enjoin TTP, in Missouri, from (1) listing its business as a bona fide Missouri business; (2) failing to

identify its business as an out-of-state business; (3) giving Missouri consumers the impression through its listings that it is a local retail florist; (4) using the name of bona fide Missouri florists in its telephone and internet directory listings; and (5) continuing its deceptive and unlawful trade practices. TTP removed the case, asserting that this Court has jurisdiction under the Class Action Fairness Act of 2005 (CAFA). <u>See</u> 28 U.S.C. § 1332(d).

Under CAFA, district courts have original jurisdiction over class actions when the amount in controversy exceeds $5 million, exclusive of interest and costs, and any member of the plaintiff's class is a citizen of a state different from the defendant. <u>See</u> 28 U.S.C. § 1332(d)(2). Further, the class must have 100 or more members. <u>See</u> 28 U.S.C. § 1332(d)(5)(B).

The decisive issue here is whether the removing defendant has the burden of persuasion on federal jurisdiction, or whether the plaintiff must disprove jurisdiction. With no binding authority—beyond the statute itself—this Court adopts the Seventh Circuit's opinion holding that CAFA does not shift the burden to the plaintiff. <u>See Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446, 447-49 (7th Cir. 2005) (Easterbrook, J., joined by Posner & Rovner, JJ.); <u>see also Abrego Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 682-86 (9th Cir. 2006); <u>Miedema v. Maytag Corp.</u>, 450 F.3d 1322, 1327-30 (11th Cir. 2006); <u>Judy v. Pfizer, Inc.</u>, 2005 WL 2240088, at *1-2 (E.D. Mo. Sept. 14, 2005); <u>Ongstad v. Piper Jaffray & Co.</u>, 407 F. Supp. 2d 1085, 1088-90 (D.N.D. 2006); <u>Williams v. Tex. Commerce Trust Co.</u>, 2006 WL 1696681, at *3 n.5 (W.D. Mo. June 15, 2006). <u>But see, e.g.</u>, <u>Natale v. Pfizer, Inc.</u>, 379 F. Supp. 2d 161, 168 (D. Mass. 2005) (CAFA shifts burden to plaintiff). Therefore, TTP must demonstrate by a preponderance of evidence that this case belongs in federal court. <u>See In re Minn. Mut. Life Ins. Co. Sales Practices Litig.</u>, 346 F.3d 830, 834 (8th Cir. 2003) (standard of proof). It fails to do so.

2

This case must be remanded because TTP has not adequately shown that the class has 100 or more members.[1] See 28 U.S.C. § 1332(d)(5)(B); Ongstad, 407 F. Supp. 2d at 1092 n.4. The class is "all Missouri consumers [of florist products] who have been damaged by Defendant's deception, misrepresentations, concealment, or fraud arising from its fictitious telephone directory or internet listings." TTP's notice of removal states only: "On information and belief, and due to the expansive and open-ended scope of the purported class allegations in the state court petition, the aggregate number of class members for plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B)." In opposition to remand, TTP does not state the number of listings with Missouri addresses or telephone numbers from which it has derived business. Nor does it reveal, or even approximate, how many sales it has made through telephone numbers with Missouri prefixes. See Brill, 427 F.3d at 447-48 ("When the defendant has vital knowledge that the plaintiff may lack, a burden that induces the removing party to come forward with the information—so that the choice between state and federal court may be made accurately—is much to be desired."). Instead, it essentially argues that there are 100 or more class members because there are hundreds of florists in Missouri, with thousands of retail

[1]If TTP could demonstrate an adequate number of class members, the Court would conclude that CAFA's amount-in-controversy requirement is not satisfied. The petition states that this is a negative-value case, and that less than $5 million is at stake. TTP does little to convince the Court otherwise. It makes no attempt to quantify the number of potential class members, the potential value of individual damages claims, or the potential aggregate value of all claims. TTP's main argument is that the requested injunction would cost it more than $5 million. That assertion might be true, but there is nothing beyond speculation and conjecture to back it up. TTP's parade of horribles—collapse of its business in all states, crippling of a non-party florist network, destruction of a non-party marketing and telephone services firm, stifling of the business activities of national and local telephone companies, layoffs or business failure at perhaps thousands of retail florists—is good reading, but not particularly helpful in determining the amount in controversy.

3

customers. TTP asserts that the class definition is so "broad" and "vague" as to include all Missouri consumers of floral products, even consumers who had no contact whatever with TTP. To the contrary, it is clear from the petition that all class members called a telephone number associated with TTP. On the record before it, the Court can only conclude that the class consists of more than a few but less than all Missouri consumers of floral products. In other words, great uncertainty remains about the number of class members. See Miedema, 450 F.3d at 1332; In re Business Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993) (all doubts about federal jurisdiction resolved in favor of remand).

Because TTP has not demonstrated that the federal district courts have subject matter jurisdiction, the Court hereby GRANTS the motion to remand (Doc. 6), and ORDERS that this case shall be remanded to the Circuit Court of Clay County, Missouri.

SO ORDERED.


/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: December 28, 2006

4